## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPH CAMP,

                              Plaintiff,

             v.                              CASE NO. 11-3128-SAC

SHELDON RICHARDSON, et al.,

                              Defendants.


## O R D E R

This matter comes before the court on a civil complaint filed by a pretrial detainee confined in a Leavenworth, Kansas, detention center operated by the Corrections Corporation of America. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

A prisoner seeking to bring a civil action without prepayment of the district court filing fee is required to submit an affidavit that includes a statement of all assets, a statement of the nature of the complaint, and the affiant's belief that he is entitled to redress, 28 U.S.C. § 1915(a)(1), and to submit a certified copy of the inmate's institutional account for the six months immediately preceding the filing of the action from an appropriate official from each prison in which the inmate is or was incarcerated, 28 U.S.C. § 1915(a)(2). Because plaintiff's motion for leave to proceed in forma pauperis includes no certified financial records, the court

directs plaintiff to supplement the motion with this necessary information.[1]  The failure to do so in a timely manner may result in the dismissal of this action without further notice, based on plaintiff's failure to either pay the $350.00 district court filing fee, or to comply with the statutory requirements for seeking leave to proceed without prepayment of the fee pursuant to 28 U.S.C. § 1915.

Plaintiff also seeks appointment of counsel.  This motion is denied without prejudice.  Plaintiff has no right to the assistance of counsel in this civil action.  *Durre v. Dempsey*, 869 F.2d 543, 647 (10th Cir.1989).  Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted at this time.  *See Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir.1991)(factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that plaintiff is granted thirty (30) days to submit the certified financial records required by 28 U.S.C. § 1915(a)(2).

IT IS FURTHER ORDERED that plaintiff's motion for appointment

---

[1]Plaintiff instead provided his authorization for the agency holding him to send a certified accounting to the district court, and to calculate and withhold the amounts required by § 1915(b). The Tenth Circuit Court of Appeals "flatly reject[s]" this approach, finding such authorization does not excuse a prisoner's compliance with the requirements of § 1915, which includes § 1915(a)(2) requiring the prisoner to submit a certified copy of the prisoner's inmate trust fund account for the six month period prior to filing the instant action. *Boling-Bey v. U.S. Parole Com'n*, 559 F.3d 1149, 1154-55 (10th Cir.2009).

of counsel (Doc. 4) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 9th day of August 2011 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge